# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 1068 | **DATE** | 2/20/13 |
| **CASE TITLE** | Lester Dobbey (#R-16237) v. William Weilding, et al. | | |

### DOCKET ENTRY TEXT

Plaintiff's motion for leave to file *in forma pauperis* [#3] is granted. The Court authorizes and orders the trust fund officer at Stateville Correctional Center to collect monthly payments from Plaintiff's trust fund account in accordance with this order. The Clerk is directed to forward a copy of this order to the Inmate Trust Office at Stateville Correctional Center. The Clerk shall issue summonses to Defendants William Weilding, Michael Studer, and Marcus Hardy, and the U.S. Marshal is directed to serve them. The Clerk shall send Plaintiff Instructions for Submitting Documents, along with a copy of this order.

■[ For further details see text below.]

Docketing to mail notices.

### STATEMENT

Plaintiff, Lester Dobbey, presently in state custody at Stateville Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges ongoing exposure to unconstitutional conditions of confinement at Stateville, including diseased birds that chirp loudly in the early morning hours and defecate throughout the cellhouse where he is confined, mice that eat the commissary purchased food he maintains in his cell, roaches, and spiders. Plaintiff also alleges that the fluorescent lighting is excessive and interferes with his ability to sleep at night. Plaintiff further alleges that the cellhouse and showers are unsanitary and he is not provided cleaning supplies on a regular basis to combat the filth. Plaintiff alleges ongoing exposure to mold, lead, and radium (in the water), as well as inadequate heat in extreme cold conditions. Plaintiff alleges that as a result of his exposure to these unconstitutional conditions, his health has deteriorated. Plaintiff alleges that he made Defendants Weilding, Studer, and Hardy aware of the unconstitutional conditions and they have done nothing to abate the conditions.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $20.77. The supervisor of inmate trust accounts at the Stateville Correctional Center is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Stateville Correctional Center inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Here, accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal

cause of action against all Defendants for subjecting him to unconstitutional conditions of confinement. *Antonelli v. Sheahan* 81 F.3d 1422, 1427 (7th Cir. 1996) (to state a valid unconstitutional condition of confinement claim, the plaintiff must be able to demonstrate that the defendants, acting with deliberate indifference, deprived him of "basic human needs" or "the minimal civilized measure of life's necessities"); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). While a more fully developed record may belie Plaintiff's allegations, Defendants must respond to the complaint.

The Clerk shall issue summonses for service of the complaint on Defendants Weilding, Studer, and Hardy. The Clerk also shall send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. If any Defendant cannot be found at the work address provided by Plaintiff, the Illinois Department of Corrections shall provide the U.S. Marshal with a last known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by FED. R. CIV. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any Court filing to Defendant [or to defense counsel, once an attorney has entered an appearance on behalf of Defendants]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.