IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **LESTER DOBBEY, R16237,** | ) | |
| | ) | |
| | ) | No. 13 C 1068 |
| **Plaintiff,** | ) | |
| v. | ) | |
| | ) | |
| **WILLIAM WEILDING, et al.,** | ) | Honorable Judge |
| | ) | Robert M. Dow |
| **Defendants.** | ) | |

## AMENDED ORDER GRANTING CLASS CERTIFICATION

The Parties in this matter having filed a Joint Status Report [Docket No. 29] in which the Parties agreed that a class should be certified, it is hereby ordered as follows:

    1.    The Court makes the following findings based upon the pleadings and the Parties' agreement:

    (a)    the class is so numerous that joinder of all members is impracticable;
    (b)    there are questions of law or fact common to the class;
    (c)    the claims of the representative party are typical of the claims of the class;
    (d)    the representative party will fairly and adequately protect the interests of the class;
    (e)    prosecuting separate actions by or against individual class members would create risk of: (1) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the Defendants; or (2) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests; and
    (f)    the allegations against the Defendants are on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief would be appropriate respecting the class as a whole.

    2.    Based upon these factors, the Court finds that a Class should be certified in this matter and hereby certifies a Class of individuals as follows: "The Class in this matter shall be defined as all individuals incarcerated at the Stateville Correctional Center at any time since January 1, 2011, and all individuals who will be housed at the Stateville Correctional Center in

the future." This Class excludes all individuals incarcerated at the Northern Reception and Classification Center as well as all other facilities operated by the Illinois Department of Corrections.

     3.     The Court specifically finds that the January 1, 2011 date contained in the Class Definition in paragraph two (2), above, is operative for purposes of the Class Action only and shall not limit the Plaintiff Representative's effort to pursue any personal damages claim he has asserted.

     4.     Based upon the pleadings and the agreement of the Parties, the Court finds that the Class Claims involve the conditions of confinement at the Stateville Correctional Center and are brought pursuant to 42 U.S.C. Section 1983. The Court certifies the Class Claims as follows:

     (a)     there are birds in the facility;
     (b)     mice, roaches, spiders and other bugs infest the facility;
     (c)     hallway lighting stays on 24-hours each day;
     (d)     cleaning supplies are not distributed on a regular basis;
     (e)     there is mold in the showers;
     (f)     the roofs leak, causing a build-up of mold;
     (g)     there is lead-based paint on the walls of cells;
     (h)     food carts used to deliver food are not properly cleaned;
     (i)     dust, hair, dander, and wool fibers are circulated through the air system;
     (j)     some air vents are covered which prevents air flow;
     (k)     inadequate heat in the winter;
     (l)     blankets are not issued during the winter;
     (m)     the water supplied is tainted; and
     (n)     buildings which serve as housing units are on the verge of collapse due to cracked foundations.

     5.     The Defendants are ordered to publish the Notice attached hereto as Exhibit A which notifies the Class members at Stateville Correctional Center of the certification of the Class and the Class Claims. The Notice shall be published by placing it on the bulletin board in the Law Library at the Stateville Correctional Center within 10 days of the entry of this Order. It shall remain there for at least 60 days, after which time it may be removed.

     6.     The Court hereby makes the following finding regarding HAROLD JOHNSON, the attorney currently appointed to represent the Plaintiff Representative and to determine whether a Class should be pursued in this matter [*see* Docket 21]:

     (a)     counsel has investigated and identified the class issues;
     (b)     counsel is experienced in handling complex litigation; and
     (c)     counsel has researched and is knowledgeable of the applicable law.

7. Based upon these findings, the Court appoints HAROLD JOHNSON to be the attorney for the Class in this litigation.

February 11, 2014
Date

ROBERT M. DOW, JR.
U.S. District Court Judge

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LESTER DOBBEY, | ) | |
| | ) | |
| | ) | No. 13 C 1068 |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| WILLIAM WEILDING, et al., | ) | Honorable Judge |
| | ) | Robert M. Dow |
| Defendants. | ) | |

**NOTICE OF CLASS ACTION**

To:    All individuals confined at Stateville Correctional Center

**Summary of the Lawsuit**

This notice is about a lawsuit called *Dobbey v. Weilding, et al.*, Case No. 13 CV 1068, in the U.S. District Court for the Northern District of Illinois. The lawsuit was filed on behalf of all individuals incarcerated at the Stateville Correctional Center. The lawsuit claims that the following conditions alleged to exist at Stateville violate the United States Constitution:

(a)    there are birds in the facility;
(b)    mice, roaches, spiders and other bugs infest the facility;
(c)    hallway lighting stays on 24-hours each day;
(d)    cleaning supplies are not distributed on a regular basis;
(e)    there is mold in the showers;
(f)    the roofs leak, causing a build-up of mold;
(g)    there is lead-based paint on the walls of cells;
(h)    food carts used to deliver food are not properly cleaned;
(i)    dust, hair, dander, and wool fibers are circulated through the air system;
(j)    some air vents are covered which prevents air flow;
(k)    inadequate heat in the winter;
(l)    blankets are not issued during the winter;
(m)    the water supplied is tainted; and
(n)    buildings which serve as housing units are on the verge of collapse due to cracked foundations.

The lawsuit asks that the Court order these conditions be fixed. It does not ask for money damages to be awarded to the Plaintiff Class. The Plaintiff Class is represented by Harold Johnson at Brinks, Gilson & Lione, and the Defendants are represented by the Illinois Attorney General's Office.

**Definition of the Class**

On January 28, 2014, the judge certified the following Plaintiff Class for this lawsuit: "The Class in this matter shall be defined as all individuals incarcerated at the Stateville Correctional Center at any time since January 1, 2011, and all individuals who will be housed at the Stateville Correctional Center in the future." You are a member of the Plaintiff Class if you are currently incarcerated at Stateville. You are also a member if you were ever incarcerated at Stateville at any time since January 1, 2011. For purposes of this lawsuit, individuals incarcerated only at the Northern Reception and Classification Center and who were not incarcerated in any other unit at Stateville at any time since January 1, 2011, are not members of the Plaintiff Class.

**Current status of the Lawsuit**

The lawsuit is in the beginning stages. The Defendants will respond to the Complaint, and the discovery process will begin.

**PLEASE DO NOT CONTACT THE JUDGE OR THE CLERK OF COURT WITH ANY QUESTION ABOUT THE LAWSUIT AS THEY CANNOT ANSWER YOUR QUESTIONS.**