IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LESTER DOBBEY, on behalf of himself and others similarly situated, Plaintiffs, | ) ) ) | Case No. 13-cv-1068 |
| v. | ) ) ) | Honorable Judge Robert M. Dow |
| WILLIAM WEILDING, et al., Defendants. | ) | |

**PLAINTIFFS' UNOPPOSED MOTION TO INTERVENE AND
SUBSTITUTE MR. ABDUL MALIK MUHAMMAD AS CLASS REPRESENTATVE**

Plaintiffs by and through their counsel, respectfully move this Court pursuant to Federal Rule of Civil Procedure 24(b) for an order substituting Mr. Abdul Malik Mohammad as the Class Representative and withdrawing Mr. Lester Dobbey as Class Representative. In support of their motion, Plaintiffs state as follows:

1. Mr. Lester Dobbey filed this class action on behalf of himself and other similarly situated individuals to seek redress of numerous unconstitutional conditions at Stateville Correctional Center ("Stateville") and for damages arising from his alleged injuries caused by those conditions. Dkt. 1.

2. Mr. Dobbey also alleged his own individual damages claims related to the same unconstitutional conditions. *Id.*

3. On January 23, 2014, the Court certified an injunctive class action pursuant to Federal Rule of Civil Procedure 26. Dkt. 37. The Class is defined as "all individual incarcerated at Stateville Correctional Center any time since January 1, 2011, and all individuals who will be housed at Stateville Correctional Center in the future." *Id.* at 2. The Class definition excludes

individuals houses at other Illinois Department of Corrections facilities. *Id. See also* Dkt. 41 (Amended Order Grating Class Certification).

4. Mr. Dobbey has served as Class Representative since the Court certified the Class.

5. Mr. Dobbey was subsequently transferred to another IDOC correctional facility.

6. Accordingly, Mr. Dobbey is no longer a Class Member because he is not "incarcerated at Stateville Correctional Center" and he is incarcerated at another IDOC facility. Mr. Dobbey's individual damages claims are not impacted by his no longer being a Class Member or serving as a Class Representative.

7. Mr. Abdul Malik Muhammad is a Class Member in that he presently resides at Stateville and has done so since 2011. Mr. Muhammad has no plans to request a transfer from Stateville.

8. Mr. Muhammad's claims are typical of those of Class Members. Dkt. 41.

9. Mr. Muhammad has agreed to serve as a Class Representative and has been apprised of his rights and responsibilities to serve in that capacity. In doing so, Mr. Muhammad understands that he represents the interest of all of the Class Members. He has also been informed that Class Counsel will keep him apprised of all major events in the case and that he has not been promised any special treatment above that which may be awarded other Class Members. Plaintiff will seek an additional compensation award for his participation as Class Representative, but the Court will issue such an award and no guarantee exists that Mr. Muhammad will receive one.

10. Mr. Muhammad will also fairly and adequately represent Class Members in that he has agreed to do so understanding his rights and responsibilities as a Class Representative.

11. Accordingly, Plaintiffs seek permissive intervention by unnamed plaintiff Mr. Abul Malik Muhammad pursuant to Rule 23(d)(1)(B)(iii) and Rule 24(b). *Randall v. Rolls-Royce Corp.*, 637 F.3d 818, 826 (7th Cir. 2011) ("[S] substitution (via permissive intervention by an unnamed plaintiff, who if intervention is allowed becomes the named plaintiff and thus the class representative) is possible.") (citing Rule 23(d)(1)(B)(iii) and 24(b); *Champ v. Siegel Trading Co.*, 55 F.3d 269, 272–74 (7th Cir. 1995); *Birmingham Steel Corp. v. TVA*, 353 F.3d 1331, 1339 (11th Cir. 2003); *McKowan Lowe & Co. v. Jasmine, Ltd.,* 295 F.3d 380, 383, 389 (3d Cir. 2002)). See also *Whitlock v. Johnson*, 153 F.3d 380, 384 (7th Cir.1998) ( "The district court certified a class based on Umar's complaint, and subsequent proceedings undermined Umar's individual claim and revealed that Umar was not an appropriate class representative. The district court acted properly, then, in allowing the class claims to continue (with the substitution of appropriate class representatives) despite the failure of the named plaintiff's individual claim on the merits.").

12. Courts commonly grant motions to intervene to substitute an unnamed class representative where the named plaintiff's claims are moot or is no longer able to represent the class and the class's claim remain viable. *See, e.g.*, *U.S. Parole Commission v. Geraghty*, 445 U.S. 388, 416, 100 S. Ct. 1202, 63 L. Ed. 2d 479, 29 Fed. R. Serv. 2d 20 (1980) (Powell, J., dissenting) ("If the named plaintiff's own claim becomes moot after certification, the court can re-examine his ability to represent the interests of class members. Should it be found wanting, the court may seek a substitute representative."); *Robichaud v. Speedy PC Software*, No. C 12 04730 LB, 2013 WL 818503, *8 (N.D. Cal. 2013) ("In class actions, where a named Plaintiff's individual claims fail or become moot for a reason that does not affect the viability of the class claims, courts regularly allow or order the plaintiffs' counsel to substitute a new representative

plaintiff."); *Rayl v. Moores*, No. 09–cv–00554–JMS–TAB, 2010 WL 4386784, *5 (S.D. Ind. 2010) ("Where … later evidence establishes that a previously appointed class representative is ineligible to represent the class, the Court should ordinarily give class counsel the opportunity to locate a new, suitable, class representative."); *In re Initial Public Offering Securities Litigation, Fed. Sec. L. Rep. (CCH) P 94730*, Master File No. 21 MC 92(SAS), 2008 WL 2050781, *2 (S.D. N.Y. 2008) ("'[T]he procedure favored by the Second Circuit' requires that 'where the named plaintiff is no longer an adequate representative of the class … rather than decertifying the instant class on the ground that the named plaintiffs are no longer adequate representatives of the class, [the court should] afford[ ] plaintiffs' counsel a reasonable period of time for the substitution or intervention of a new class representative.'" (citations omitted)); *Memisovski v. Garner*, No. 92 C 1982, 2002 WL 31687665, at *1 (N.D. Ill. 2002) (granting plaintiffs' motion to withdraw and substitute new class representatives in class action involving children in Illinois with Medicaid's access to health care).

13. Defendants do not oppose Plaintiffs' motion to substitute Mr. Abdul Malik Muhammad as Class Representative.

14. Accordingly, Plaintiffs respectfully move this Court for an order granting their motion to intervene to substitute Mr. Abdul Malik Muhammad as Class Representative and withdraw Lester Dobbey as Class Representative.

WHEREFORE, Plaintiffs respectfully move this Court for an order pursuant to Federal Rule of Civil Procedure 24(b) granting their motion to intervene to substitute Mr. Abdul Malik Muhammad as Class Representative and withdraw Lester Dobbey as Class Representative.

RESPECTFULLY SUBMITTED,

**CLASS MEMBERS**

/s/ Heather Lewis Donnell
Attorneys for Plaintiff

Dated: September 21, 2020

Arthur Loevy
Jon Loevy
Mike Kanovitz
Heather Lewis Donnell
Loevy & Loevy
311 N. Aberdeen, 3rd FL
Chicago, IL 60607
Telephone: (312) 243-5900
Facsimile: (312) 243-5902
Heather@loevy.com

**Certificate of Service**

      I hereby certify that on September 21, 2020, I electronically filed the foregoing Unopposed Motion to Intervene and Substitute Mr. Abdul Malik Muhammad as Class Representative with the Court Clerk using the Court's CM/ECF system which will send notice to counsel of record.

      /s/ Heather Lewis Donnell

Case: 1:13-cv-01068 Document #: 262 Filed: 09/21/20 Page 7 of 7 PageID #:1874