FILED 9/28/2020 THOMAS G. BRUTON CLERK, U.S. DISTRICT COURT CP PC SCAN

IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

LESTER DOBBEY, )
Plaintiff, )
)
)
v. ) CASE NO. 13-CV-1068
)
)
WILLIAM WEILDING, et. al., ) Honorable Judge Presiding
Defendants. ) Robert M. Dow, JR.

PLAINTIFF-LESTER DOBBEY'S OBJECTION TO THE CLASS PLAINTIFFS' MOTION TO INTERVENE AND SUBSTITUTE ABDUL MALIK MUHAMMAD AS CLASS REP.

Plaintiff, LESTER DOBBEY, pro se, moves this Honorable Court to Sustain his objection to Class Plaintiffs' Motion to Intervene and Substitute Mr. Abdul Malik Muhammad as Class Representative.

It Is Further Stated:

1. Lead Plaintiff, LESTER DOBBEY,

and Class Representative," objects generally," to Class-Plaintiffs' Motion to Intervene and Substitute Abdul Malik Muhammad as Class Representative.

2. On September 23, 2020, Mr. Dobbey through the Law Library at Hill C.C., received page 1 of 7, from Document #262, excluding the remaining six pages. Therefore, Mr. Dobbey has not been able to review the complete Document which seeks to remove him as, Class Representative, in this action. He reserves the right to make objections.

3. Therefore, if the Court decides not to Declass [262], this class action, Mr. Dobbey asserts these General Objections, as defenses, as to why he should not be removed as Class Representative.

4. Mr. Dobbey objects to Mr. Muhammad Substituting as Class Representative, where

Mr. Muhammad, has "Failed to Timely Exhaust his Administrative Remedies," for all claims currently pending before this Court in the Revised Second Amended Complaint [35].

5. Mr. Muhammad's Grievances and/or other Administrative Complaints must include all the issues sued for in this class action; Issues not raised, Mr. Muhammad administrately cannot litigate or represent as a class representative. In contrast compare, Jones v. Bock, 549 U.S. 199, 219-20 (2007); see, Johnson v. Johnson, 385 F.3d 503, 517-19 (5th Cir. 2004)(holding that a prisoner who complained of sexual assault and referred to his sexual orientation in his grievance, but said nothing about his race, did not exhaust his racial discrimination claim);

6. Black v. Gord, 2007 WL 3076998, *4 (W.D.N.Y. Oct. 19, 2007)(holding grievances about the length of time the Plaintiff was held

in full restraints did not exhaust his complaint about pain and inability to exercise or about lack of due process in renewing the restraint orders); Lilly v. Smith, 2007 WL 1832040, *2 (C.D. Ill, June 25, 2007) (dismissing claim about placement in restraint chair which was not mentioned in Plaintiff's use of force grievance);

7. Malik v. Sabree, 2007 WL 781640, *4 (D.S.C., Mar. 13, 2007)(holding grievance about Muslim Feast did not exhaust a claim about Muslim Fast); Beltran v. O'Mara, 405 F.Supp. 2d 140, 152 (D.N.H. 2005)(holding that complaints about specific segregation conditions, such as lack of toilet paper, did not exhaust as to conditions in general or conditions not mentioned in the grievances), on reconsideration, 2006 WL 240558 (D.N.H., Jan. 31, 2006)

8. Mr. Dobbey objects to Mr. Muhammad substituting as class representative, where

Any claims Mr. Muhammad seeks to pursue are "Time-Barred," pursuant to the Statute of Limitations and "Equitable Doctrine of Laches." Mr. Muhammad cannot demonstrate excusable neglect for his lack of due diligence resulting in his delay in Leading this Action as Class Representative. Compare, Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 121-22 (2002). Mr. Muhammad's delay in bringing suit is not excusable.

9. Mr. Dobbey objects to Mr. Muhammad Substituting as Class Representative, because if Mr. Dobbey is severed, any claims Mr. Muhammad has not "Timely Exhausted," will be Defaulted, if IDOC decides to withdraw from Settlement Negotiations and pursue Summary Judgment. Based upon information and belief, Mr. Muhammad transferred into Stateville C.C. in the year 2015 and wish to bring suit in the year 2020. (Inexcusable Neglect.)

10. MR. DOBBEY objects to the "Hostile Withdrawal" request to remove him as Class Representative, where Class Counsel, Loevy & Loevy, nor the Plaintiffs' Class has presented any legitimate evidence that MR. DOBBEY cannot protect the Interest of the entire class.

11. MR. DOBBEY objects to the "Hostile Withdrawal" request to remove him as Class Representative, where there was no due diligence to remove him, due to his transfer for over an year, until he opposed a settlement term, agreed upon by Class Counsel, Loevy & Loevy and IDOC, which would result in the continued risk of harm to current Plaintiff Class Members and/or Future Class Members. (SEE, Dkt. # 261) MR. DOBBEY was transferred from Stateville C.C. August 21, 2019, Class Counsel seeks to remove him September 21, 2020. (Dkt. # 262). This Court knew of MR. DOBBEY'S transfer in 2019 Fall.

12. Once a case is certified as a class action, it can continue even if the named plaintiff is released or transferred. In contrast, compare, Zablocki v. Redhail, 434 U.S. 374, 382 n.9 (1978); also, Sosna v. Iowa, 419 U.S. 393, 399-402 (1975). In some cases involving claims that are "inherently transitory," the courts have permitted named plaintiffs to continue to represent the class even after their claims were moot. See, County of Riverside v. McLaughlin, 500 U.S. 44 (1991); also compare, Goetz v. Crosson, 728 F. Supp. 995, 1000-01 (S.D.N.Y. 1990).

13. Mr. Dobbey was at Stateville C.C. for approximately 12½ years, more or less, under the conditions which he studied and learned of there hazards and inadequacies. His knowledge of the claims in the Revised Second Amended Complaint are invaluable, as demonstrated in the Court's appointed Neutral Expert,

Mr. Kaskel's, (who is deemed to be "Highly Technical with Specialized Training and Skills,") Report that "Quarter Houses may need to be Rebuilt, [.]", Compare, Mr. Dobbey's layman Assessment, "[35] (Buildings of Stateville Hazardous") ("Inmate Living Units Unsafe for Human Occupancy") (¶97). ("Inmate Living Units pose a Substantial Risk of Imminent Personal Injury and/or Death") (¶98). ("Buildings pose a Substantial Risk of a Complete Collapse and/or a partial collapse of the Building Structure") (¶100). ("Failed to correct the great pose of danger.") (¶100).

14. Now Class Counsel, Loevy & Loevy, settles to a Term that also "Fail to Correct the great pose of danger, [261]" but when Mr. Dobbey in the Interest of the Entire Current Class Plaintiffs and Future Class Plaintiffs, oppose the Settlement Term, "he should be Removed because he transferred," is not an adequate or legitimate Reason. Class Counsel,

Loevy & Loevy, had no quarrels with Mr. Dobbey being Class Representative, even after his transfer, as long as he remained silent.

15. But as soon as, Mr. Dobbey, presents evidence to the Court of inadequate and unfair representation by Class Counsel, Loevy & Loevy, its time for a hostile takeover, "Let's withdraw him as Class Representative," so we can continue in our misdeeds, should not be accepted.

16. Class Counsel, Loevy & Loevy, clear intentions in presenting Mr. Abdul Malik Muhammad to substitute Mr. Dobbey as Class Representative is not founded in good-faith. It is a desparate move in a attempt to circumvent the complexity of the issues Mr. Dobbey presents for the benefit of the entire Class. It must be kept in mind that this is complex litigation. There should be no

circumventing potential dangers that would continue to violate the 8th Amendment if left with studies and and critical investigations incomplete. (See Dkt. #261).

17. Since the inception of class certification and Mr. Dobbey being recognized as class representative, he has always represented the interest of class members, and protected that interest, fairly and adequately. And therefore should not be withdrawn under hostile and illegitimate circumstances.

18. Mr. Dobbey request a non-ex parte hearing on all matters before the Court's docket.

19. Again Mr. Dobbey reserves his right to make any other necessary objections upon him receiving the complete document #262.

20. MR. ABDUL MALIK MUHAMMAD, with all due respect to him, should not be allowed to substitute MR. DOBBEY as class representative.

21. Neither should MR. DOBBEY be withdrawn without legitmate reasons establishing the record, and without a hearing.

22. Plaintiffs motion to intervene and substitute MR. ABDUL MALIK MUHAMMAD as class representative, should be regretfully denied. And all objections herein duly sustained.

Respectfully,

(PRO SE - Plaintiff) /s/ [signature]

LESTER DOBBEY #R-16237
Hill C.C.
P.O. Box 1700
Galesburg, IL 61402