IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LESTER DOBBEY, ABDUL MALIK MUHAMMAD, et al., <br><br> Plaintiffs, <br><br> v. <br><br> WILLIAM WEILDING, et al., <br><br> Defendants. | No. 13-cv-01068 <br><br> Judge Andrea R. Wood |

### PRELIMINARY INJUNCTION ORDER

This matter is before the Court on Plaintiffs' Motion for Preliminary Injunction, alleging that class members, individuals incarcerated at Stateville Correctional Center, face a risk of serious and irreparable harm from ongoing dangerous structural conditions at Stateville in violation of the Eighth Amendment to the United States Constitution. ECF 372, 373.

On July 31, 2024, Plaintiffs filed their motion for a preliminary injunction, ECF 372, along with a supporting memorandum of law and exhibits, ECF 373. Plaintiffs' evidence includes expert reports and statements from the Illinois Department of Corrections showing that Stateville faces over $250 million in deferred maintenance, resulting in risks posed by falling concrete due to deteriorated masonry walls, ceilings, steel beams and window lintels. Plaintiffs request the Court to order Defendants to submit a plan by August 12, 2024, that outlines the transfer or release of all class members and to transfer or release all class members by September 20, 2024. ECF 372.

Defendants received notice of Plaintiffs' motion and had an opportunity to respond. The parties engaged in court-supervised mediation and separately met and conferred concerning Plaintiffs' preliminary injunction motion. As a result of those discussions held on August 5, 7 and 9, 2024, Plaintiffs filed a motion for entry of an unopposed preliminary injunction. ECF 384. As reflected in that motion, Defendants deny they are deliberately indifferent to conditions at Stateville and deny that class members face a risk of irreparable harm from general conditions at Stateville. *Id*. ¶ 9. That motion confirms, however, that for purposes of resolving Plaintiffs' motion for preliminary injunction, Defendants do not dispute that those who are incarcerated at Stateville face a risk of harm from falling concrete as a result of the deteriorated masonry walls, ceilings, steel beams, and window lintels at Stateville's general housing units and that those particular conditions will remain unrepaired for the foreseeable future because the State has determined that its resources would be better spent on building a new facility rather than attempting to repair Stateville's outdated facilities. *Id*.; *see also* ECF 373-10 (4/26/24 Recommendation for the Rebuild of Stateville Correctional Center); ECF 373-13 (6/11/24

Transcript from the Commission on Governmental Accountability and Forecasting (COGFA) Townhall Meeting).

Defendants also have confirmed that for purposes of resolving Plaintiffs' preliminary injunction motion, they will not oppose entry of a preliminary injunction that imposes the least intrusive means necessary to correct the risk of harm class members face from falling concrete at Stateville by requiring the Department to transfer class members who remain housed in Stateville's general housing units (Quarter House and X House) by September 30, 2024. ECF 384 at ¶ 10. Defendants acknowledge that such an order is consistent with the State's publicly announced plan to begin closing Stateville 180 days after the start of the closure process required by Illinois law. *Id*.; *see also* ECF 373-13 (6/11/24 Transcript from the Commission on Governmental Accountability and Forecasting (COGFA) Townhall Meeting) at 24:6–12. Defendants do not dispute that this relief is narrowly drawn and extends no further than necessary in that rather than ordering the Department to make extensive repairs to Stateville's facilities, ordering the transfer of class members out of Stateville's general housing units is consistent with the State's publicly announced plan to begin closing Stateville 180 days after the start of the closure process required by Illinois law. *Id*. ¶ 11. Defendants also do not dispute that the relief is the least intrusive means necessary in that the Department maintains its discretion to develop its own plan to transfer class members and implement that plan in a time and manner of the Department's choosing, provided that the Department completes the required transfers by the Court's deadline of September 30, 2024. *Id*.

The Court, having reviewed the motion for preliminary injunction, ECF 372, supporting memorandum and exhibits, ECF 373, and the positions of the Parties as reflected in Plaintiffs' motion for entry of an unopposed preliminary injunction, ECF 384, finds that class members have shown a likelihood of success on the merits based on the unrepaired and deteriorated condition of the masonry at Stateville; a probable risk of irreparable harm from falling concrete attributed to the deteriorated masonry walls, ceilings, steel beams, and window lintels at Stateville; and a lack of an adequate remedy at law. The Court further finds that the public interest and the balancing of harms justify a preliminary injunction requiring the Illinois Department of Corrections to relocate the class members who remain housed in the general housing units at Stateville.

Accordingly, the Court orders the following preliminary relief:

1. By September 30, 2024, the Illinois Department of Corrections must transfer all class members (except those housed in Stateville's Healthcare Unit) from Stateville to other Department facilities of its choosing. The Court defers to the Department to determine which class members will go to which facilities based on the Department's consideration of appropriate penological and administrative factors. The Court also defers to the Department to determine the timing of the transfers, provided that the transfers are completed by September 30, 2024.

2. This order does not prevent the Department from releasing individuals who are qualified to be released or from housing individuals whom the Department has determined are in need of placement in an infirmary setting from being housed in Stateville's Healthcare Unit because (a) the Healthcare Unit is a separate housing building that does not exhibit the risks of

falling concrete that exists in the general housing units, *see* ECF 373-3 (WJE Report) at 10-11, and (b) the risk of moving those individuals or housing them elsewhere may exceed the risk of their placement in the Healthcare Unit.

      3.      The Court directs the Department to provide the Court with status reports on August 30, September 16, and September 30, 2024, identifying as of the date of each report: (a) the number of class members who have been transferred and (b) the number of class members who remain in Stateville's general housing units.

Pursuant to 18 U.S.C. § 3626(a)(2), the Court finds that the ordered preliminary injunctive relief is narrowly drawn, extends no further than necessary to correct the harm requiring preliminary relief, and is the least intrusive means necessary to correct the harm.

First, the relief is narrowly drawn. Rather than order the State or Department to complete extensive repairs needed to protect class members from the risk of irreparable harm posed by the deteriorated masonry at Stateville, the Court instead is requiring the Department to accomplish what it has publicly reported and recommended it would do—namely, moving forward with closing Stateville by transferring class members to other facilities.

Second, the relief extends no further than necessary to remedy the risk of harm faced by class members. More expansive relief would require, for example, an order requiring the Department to make a range of costly repairs. Rather than order such expansive relief, the relief imposed here is limited to requiring the Department to transfer the class members that are housed in Stateville's general housing units to other facilities at the Department's discretion.

Third, the ordered relief imposes the least intrusive means necessary to correct the harm faced by class members from the risk of falling concrete at Stateville. The Court defers to the Department to develop its own plan to transfer class members and implement that plan in a time and manner of the Department's choosing, provided that the Department completes the required transfers by the Court's deadline of September 30, 2024.

Plaintiffs are not required to post a bond.

This preliminary injunction shall expire 90 days after its entry, unless the Court enters a final order before then consistent with 18 U.S.C. § 3626(a)(2).

Entered: August 9, 2024

                                                           Andrea R. Wood
                                                           United States District Judge