**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

Charles Kendricks, on behalf of himself and
Class Members,

            Plaintiff,

    v.

LaToya Hughes & Charles Truitt,

          Defendants.

Case No. 13-cv-1068

Hon. Andrea R. Wood

# Exhibit 8

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Charles Kendricks, on behalf of himself and Class Members,, <br><br>       Plaintiffs, <br><br>   v. <br><br> Charles Truitt and Latoya Hughes, in their official capacities, <br><br>       Defendants. | Case No. 13-cv-1068 <br><br> Hon. Andrea R. Wood |

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered in this 17th day of January, 2025, by Named Plaintiff Charles Kendricks (the "Named Plaintiff"), on behalf of himself and the Class defined below, and Defendants, various named officials from the Illinois Department of Corrections (the "Department" or "IDOC") sued in their official capacities, by and through their respective counsel. Plaintiff and Defendants are together the "Parties." The Parties agree that this class action lawsuit, entitled *Kendricks v. Truitt and Hughes*, Case No. 13-cv-01068 in the United States District Court for the Northern District of Illinois ("the Lawsuit"), and all matters that were raised in the Lawsuit, are settled, compromised, and dismissed on the merits and with prejudice on the terms and conditions set forth in this Agreement, subject to the approval of the Court.

## RECITALS

A.     This action, first filed February 8, 2013, seeks injunctive relief based on alleged unconstitutional conditions at Stateville Correctional Center (Stateville). ECF 1 (Complaint); ECF 35 (Second Amended Complaint).

B.     On January 23, 2014, the Court certified a class consisting of all individuals incarcerated at Stateville. ECF 37, 41; *see also* ECF 128. The Court further certified that class to seek injunctive relief to remedy the alleged unconstitutional conditions, including, but not

limited to the structural safety/integrity of the housing units, exposure to mold, vermin, excessive heat and cold temperatures, the health and safety of the water, air ventilation and excessive light in the housing units. ECF 37 at 2.

C.      The parties have continually engaged in court-supervised mediation since 2015.

D.      On March 15, 2024, Governor Pritzker and IDOC announced plans to close and rebuild Stateville. On March 17, 2024, the Department wrote a public letter to the Illinois Commission on Government Forecasting and Accountability ("COGFA") announcing the Department's proposal to close and rebuild Stateville, estimating that closure could happen as early as 180 days from the notice letter (approximately September 17, 2024). On April 26, 2024, the Department publicly provided to COGFA its "Recommendation for the Rebuild of Stateville Correctional Center." The Department's recommendation recognized that "[g]iven [Stateville's] age, condition, and outdated design, the continued use of Stateville is untenable for modern correctional standards."

E.      On July 31, 2024, Plaintiffs filed a motion for a preliminary injunction asking the Court to require the Department to submit a plan by August 12, 2024 that outlined the transfer or release of all class members and to transfer or release all class members by September 20, 2024. ECF 372, 373.

F.      The Parties engaged in mediation concerning Plaintiffs' preliminary injunction motion, and on August 9, 2024, the Court entered an unopposed preliminary injunction directing the Department to transfer class members housed in Stateville's general housing units to other facilities by September 30, 2024, and to submit periodic reports on the status of the transfers. ECF 386 at 2–3. The Court's order had no effect on Stateville's Health Care Unit, which continues to provide medical care to Class Members housed in the Health Care Unit at the time of this

agreement.

G.      In accordance with the Court's order, the Department completed an orderly process to complete the transfer of individuals from Stateville's general housing units to other Department facilities by September 30, 2024.

H.      In light of these developments, Named Plaintiff, on behalf of himself and the Class, and Defendants recognize that the conditions that this injunctive class action sought to remedy are being addressed by the State's decision to demolish and rebuild Stateville.

I.      Named Plaintiff, on behalf of himself and the Class, and their counsel have conducted an extensive investigation and evaluation of the facts and the law relating to the claims asserted in the Lawsuit, the merits of the claims asserted in the Lawsuit, the merits of the defenses raised by Defendants, and have conducted extensive arm's-length negotiations with Defendants before entering into this Agreement.

J.      Named Plaintiff and Class Counsel have examined the benefits to be obtained under the terms of this Agreement, have considered the risks associated with the continued prosecution of the Lawsuit and believe that it is in the best interests of the Class that the Lawsuit be resolved on the terms and conditions set forth in this Agreement. Class Counsel reached that conclusion after considering the factual and legal issues presented in the Lawsuit, the meaningful benefits that members of the Class will receive as a result of the Agreement, the risks and uncertainties of continued litigation, the expense that would be necessary to prosecute the Lawsuit through trial and any appeals that might be taken and the likelihood of success at trial.

K.      The Parties desire to compromise and settle all issues and claims that have been brought in this Lawsuit by or on behalf of the Classes certified in this matter.

L.     The Parties desire and intend to seek the Court's approval of this Agreement, including a final order and judgment dismissing with prejudice the Lawsuit and the claims of the Class.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among the Parties, that, subject to the Court's approval, the Lawsuit, and the Released Claims (as defined below) shall be fully compromised with prejudice, subject to and upon the terms and conditions below.

## 1. DEFINITIONS

1.1     <u>Class Member</u>: "Class Member" means a person within the definition of the Class.

1.2     <u>Class Counsel</u>: "Class Counsel" means Loevy & Loevy.

1.3     <u>Effective Date</u>: The Effective Date of this Agreement shall be the date when each and all of the following conditions have occurred: (a) this Agreement has been fully executed by all Parties and their counsel; (b) orders have been entered by the Court granting preliminary approval of this Agreement and approving Notice; (c) the Notice has been executed in accordance with the Preliminary Approval Order; (d) the Court has entered a Final Order finally approving this Agreement; and (e) the Final Order has become "Final." "Final," when referring to a judgment or order means that (i) the judgment is a final, appealable judgment; and (ii) either (1) no appeal has been taken from the judgment as of the date on which all deadlines to appeal therefrom have expired; or (2) an appeal or other review proceeding of the judgment having been commenced, the date by which such appeal or other review is finally concluded and no longer is subject to review by any court, whether by appeal, petitions or rehearing or re-argument, petitions for rehearing *en banc*, petitions for writ of certiorari, or otherwise, and such appeal or other review has been finally resolved in a manner that affirms the Final Order in all material respects. "Final Order" refers to

the order entered by the Court that finally approves the Agreement, including any modification thereto made with the consent of the Parties.

1.4    Notice: "Notice" means the Notice of Proposed Settlement, without material alteration from the form of Exhibit A attached hereto.

1.5    Released Claims: "Released Claims" means any and all claims or causes of action for injunctive relief for violations of federal, state, or other law (whether in contract, tort, or otherwise, including without limitation statutory, common law, property, and equitable claims) that have been brought against the Released Parties in this Lawsuit. Class Members do not release any claims for monetary damages that they may have and/or may pursue that may relate to any injury or damages that may have been allegedly caused by conditions at issue in this Lawsuit.

1.6    Released Parties: "Released Parties" means Defendants and their agents, heirs, executors, administrators, successors, assigns, associates, and attorneys; the Illinois Department of Corrections; and the State of Illinois and its agencies, officials and employees.

1.7    Class: The "Class" means the class certified by the Court on January 23, 2014. ECF 37, 41; *see also* ECF 128.

1.8    Final Order. "Final Order" refers to the order entered by the Court that grants final approval to the Agreement following a fairness hearing.

2.  **TERMS OF THE AGREEMENT**

2.1    The Named Plaintiff Believes Settlement Is Fair And Reasonable. The Named Plaintiff believes the Released Claims have merit but recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Released Claims through trial and appeals. Also, the Named Plaintiff has taken into account the uncertain outcome and the risk of litigation, especially in complex actions such as the Lawsuit, and the difficulties and delays

inherent in such litigation. The Named Plaintiff is mindful of the problems of proof under and possible defenses to, the Released Claims. The Named Plaintiff believes this Agreement will confer substantial benefit upon the Class. Based on their evaluation of these factors, the Named Plaintiff has determined that this Agreement is in the best interest of the Class and is fair and reasonable.

2.2     <u>Defendants' Denial of Liability</u>. Defendants deny all claims asserted in the Lawsuit, deny all allegations of wrongdoing and liability, and have denied the material allegations and asserted numerous defenses. Defendants nevertheless desire to settle the Lawsuit on the terms and conditions in this Agreement, for the purpose of avoiding the burden, expense, and uncertainty of continuing litigation and for the purpose of putting to rest the controversies engendered by those actions. Nothing in this Agreement shall be construed as an admission or concession by Defendants of the allegations raised in this Lawsuit, of any fault, wrongdoing, or liability of any kind.

2.3     <u>Attorneys' Fees And Expenses</u>: After agreeing to a resolution regarding class relief set forth above, the Parties negotiated and agreed Class Counsel shall be paid for attorneys' fees and expenses in the amount of $275,000 (the "Settlement Amount") payable from appropriations made to the Illinois Department of Corrections. No individual defendant shall be responsible for payment of any sum under this Agreement. The Parties understand that the Settlement Amount is subject to the availability of funds in the State Treasury and the operations of the State Comptroller's office in processing vouchers for payment and withholding funds that Plaintiff may owe to other persons or to state agencies. Plaintiffs may contest the validity of these claims through applicable state procedures. Plaintiffs and their attorneys shall submit W-9 forms and any other documents reasonably requested to effectuate the payment.

2.4     Costs Not Identified In This Agreement. Under no circumstances shall Defendants be requested and/or required under this Agreement to incur or pay any fees, expenses, costs, or other payments that Defendants are not explicitly obligated to incur and/or pay herein. Under no circumstances shall Class Counsel or Class Members be requested and/or required under this Agreement to incur or pay any fees, expenses, costs, or other payments that they are not explicitly obligated to incur and/or pay herein.

2.5     Transfer of Class Members from Stateville's General Housing Units. Defendants confirm that by September 30, 2024, the Department transferred all Class Members housed in Stateville's general housing units (the Quarter House or X House) to other Department facilities, and will not repopulate Stateville's current general housing units. The Department may continue to operate Stateville's Health Care Unit and use that Health Care Unit in its discretion to provide medical treatment to Class Members who currently remain housed in the Health Care Unit, or other individuals in custody.

2.6     Enforcement and Dispute Resolution. The parties stipulate and agree that this Agreement is a "private settlement agreement" as defined in the Prison Litigation Reform Act, 18 U.S.C. 3626(a) *et seq.* Once the Final Order becomes Final, any proceeding relating to or arising out of this Agreement may not be brought in federal court and must instead be brought in Illinois court pursuant to and under Illinois law.

## 3. SETTLEMENT APPROVAL AND NOTICE PROCESS

3.1     Preliminary Approval of This Agreement. On or before January 17, 2025, the Parties shall file this Agreement with the Court and Plaintiffs shall move for preliminary approval of this Agreement. Through this submission, Plaintiffs will request that the Court enter the Preliminary Approval Order substantially in the form attached hereto as Exhibit B, preliminarily

approving this Agreement, and scheduling the Final Approval Hearing for the purpose of determining the fairness, adequacy, and reasonableness of this Agreement, granting final approval of this Agreement, and entering the Final Order and Judgment.

3.2 <u>Notice To The Class</u>. Within 14 days after the entry of the Preliminary Approval Order, Defendants shall provide individual notice, substantially in the form attached hereto as Exhibit A (the "Notice") to each person who is a member of the Class as of the date of Preliminary Approval. The parties stipulate and agree that due to the transfer of individuals in custody out of Stateville pursuant to the Court's preliminary injunction order, the Class is comprised of all persons housed at the Stateville Health Care Unit.

3.3 <u>Final Order and Judgment</u>. If the Court approves this Agreement, a Final Order shall be entered substantially in the form attached hereto as Exhibit C.

3.4 <u>Release of Class Members' Claims</u>. Upon the Effective Date, Plaintiffs shall be deemed to have, and by operation of the Final Order and Judgment shall have, released, waived, and discharged the Released Parties from the Released Claims as defined above to the extent permitted by law.

3.5 <u>Objections</u>. Any member of the Class who intends to object must do so on or before the Objection Date. The following must be included in any objection filed with the Court and served on Class Counsel and Defendants: (a) a caption or title that identifies it as "Objection to Class Settlement in *Kendricks v. Truitt et al.*, Case No. 13-cv-01068;" (b) the name and IDOC number of the person objecting; (c) a written statement detailing each objection, the facts supporting each objection, the legal basis on which each objection is based, and the relief the person objecting is requesting; and (d) copies of any documents upon which the objection is based. Any member of the Class who fails to timely file and serve a written objection shall not be

permitted to object to the approval of the Settlement at the Fairness Hearing and shall be foreclosed from seeking any review of the Settlement or the terms set forth therein by appeal or other means.

## 4. MISCELLANEOUS PROVISIONS

4.1     Headings. The headings in this Agreement are for reference purposes only and have no independent meaning.

4.2     Effect of Exhibits. The exhibits to this Agreement are an integral part of this Agreement and are expressly incorporated and made part of this Agreement.

4.3     No Admission. This Agreement is for settlement purposes only. Neither the fact of, nor any provision contained in the Agreement, nor any action taken hereunder, shall constitute or be construed as any admission of the validity of any claim or any fact alleged in the Lawsuit and/or of any wrongdoing, fault, violation of law, or liability of any kind on the part of Defendants or any admissions by Defendants of any claim or allegation made in any action or proceeding against Defendants. If this Agreement is terminated and becomes null and void for any reason, this Agreement shall have no further force or effect with respect to any party to the Lawsuit and shall not be offered in evidence or used in the Lawsuit or any other proceeding against any party. This Agreement shall not be offered or be admissible in evidence against Defendants or cited or referred to in any action or proceeding, except in an action or proceeding brought to enforce its terms. Information provided by Defendants to Plaintiffs and Class Counsel in connection with negotiation of this Agreement is for settlement purposes only and shall not be used or disclosed for any other purpose whatsoever.

4.4     Entire Agreement. This Agreement represents the entire agreement and understanding among the Parties and supersedes all prior proposals, negotiations, agreements, and understandings relating to the subject matter of this Agreement, and all negotiations,

considerations, and representations between the Parties have been incorporated and merged herein and may not be contradicted by evidence of any prior or contemporaneous agreement, arrangement, understanding, representation, or negotiation (whether oral or written). The Parties acknowledge, stipulate, and agree that no covenant, obligation, condition, representation, warranty, inducement, negotiation, or understanding concerning any part or all of the subject matter of this Agreement has been made or relied on except as expressly set forth in this Agreement. No modification or waiver of any provisions of this Agreement shall in any event be effective unless the same shall be in writing and signed by the person against whom the enforcement of the Agreement is sought and with the approval of the Illinois Attorney General. All the Parties hereto shall be considered to be the drafters of this Agreement, and it shall not be interpreted or construed more favorably for any party.

4.5     <u>Counterparts</u>. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original as against any party who signed it, and all of which shall be deemed a single agreement. Signatures transmitted by e-mail shall have the same effect as original ink signatures.

4.6     <u>Arm's-Length Negotiations</u>. The Parties have negotiated all the terms and conditions of this Agreement at arm's length. All terms, conditions, and exhibits in their exact form are material and necessary to this Agreement and have been relied upon by the Parties in entering into this Agreement.

4.7     <u>Binding Effect of Settlement Agreement</u>. This Agreement shall be binding upon and inure to the benefit of the Parties, including the members of the Class, and their representative, heirs, successors, and assigns.

4.8     Extensions of Time. The Parties may agree upon a reasonable extension of time for deadlines and dates reflected in this Agreement without further notice (except that extensions of Court-set deadlines and dates will be subject to Court approval). To be effective, any such agreement must be in writing, and must be signed by counsel for all Parties.

4.9     Service of Notice. Whenever under the terms of this agreement, a person is required to provide service or written notice to Defendants or Class Counsel, such service or notice shall be directed to the individuals and addresses specified below, unless those individuals or their successors give notice to the other Parties in writing:

| For the Class: | For the Defendants: |
|---|---|
| Heather Lewis Donnell | R. Douglas Rees |
| Maria Makar | Deputy Attorney General, Civil Litigation |
| Loevy & Loevy | 115 S. LaSalle Street |
| 311 N. Aberdeen St., 3rd Floor | Chicago, IL 60603 |
| Chicago, IL 60607 | |

4.10    Authority to Execute Agreement. Each counsel or other person executing this Agreement or any of its exhibits on behalf of any party hereto warrants that such person has the authority to do so.

4.11    Non-Approval of Settlement. This agreement is conditioned upon preliminary and final approval without material modification by the court, and the Final Order becoming Final. If this agreement is not so approved, or if the Final Order does not become Final, then either party may elect to void this Agreement, and the parties will return to the status quo ante for all litigation purposes as if this Agreement had not been negotiated, signed, proposed, or entered into. If any party elects to exercise this right to void this Agreement, then this Agreement, including its exhibits, and any and all negotiations, documents, and discussions associated with it, shall not be

deemed or construed to be an admission of any kind of evidence: (1) of any violation of any constitutional right, statute, law, or regulation; (2) of any liability or wrongdoing by Defendants; (3) of the truth of any of the claims or allegations made in the Lawsuit; or (4) concerning the value of any claims by Plaintiffs or the Class Members. For avoidance of doubt, if this agreement is approved without material modification by the court, but is later reversed, modified, or vacated on appeal, either party shall have the right to withdraw from this Agreement and return to the status quo ante as described in this Section.

4.12    Governing Laws.  This Agreement shall be construed in accordance with the laws of the State of Illinois.

4.13    Dates and Timing. Notwithstanding the terms of this Agreement to the contrary, if any date upon which an action is required by this Agreement falls on a Saturday, Sunday, or federal or state holiday, such date shall be advanced to the following Monday or next available business day, as the case may be. The parties shall not be liable for any delay or non-performance of their obligations under this Agreement arising from an act of God, governmental act, act of terrorism, war, fire, flood, explosion, or civil commotion.

4.14    Sovereign Immunity. This Agreement shall not be construed to constitute a waiver of sovereign immunity.

4.15    CAFA Notice. Defendants will effectuate the CAFA Notice as required by statute.

4.16    Term. This Settlement Agreement shall be effective for a period of one year from the Effective Date, after which time, it shall be terminated.

IN WITNESS HEREOF, the Parties have caused this Agreement to be executed as of January 17, 2025.

ON BEHALF OF NAMED PLAINTIFF AND THE
CLASS:

By:    Heather Lewis Donnell
       Loevy & Loevy
       311 N. Aberdeen St., 3rd Floor
       Chicago, IL 60607

ON BEHALF OF DEFENDANTS:

By:    Robert Fanning, Chief Legal Counsel
       Illinois Department of Corrections
       1301 Concordia Court
       Springfield, IL 62794

# Exhibit A

**CLASS NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND HEARING**

**Re:** **Kendricks, v. Truitt, et al., No. 13 C 1068**
(Class Action involving conditions at Stateville Correctional Center)

This notice is intended to give class members an update regarding the above-referenced action. This case was previously referred to as "*Dobbey*," but its name has now been changed to reflect the name of the current Named Class Member as the former Named Class Member was transferred out of Stateville Correctional Center, as well as the name of the current Warden. The Parties have now proposed to settle the case, and the Court must decide whether to approve the settlement.

**I.     The Lawsuit**

The lawsuit is a federal civil rights class action initially filed in February 2013 by Stateville Correctional Center inmate Lester Dobbey. The case alleges unconstitutional conditions at the facility, including physical deterioration and structural unsafety of buildings, unsafe drinking water, vermin, poor ventilation, and exposure to excessive heat/cold. The Court certified the case as a class action in February 2014, defining the class as: "all individuals incarcerated at Stateville Correctional Center any time since January 1, 2011, and all individuals who will be housed at the Stateville Correctional Center in the future."

Over the more than decade of the case pending before this Court, the parties have engaged in mediation talks that have resulted in various repairs and/or changes to address the conditions. Some of those items included closure of F House, repairs to the library building, Quarter House showers, distribution of drinking water and the ability for Class Members to seek extermination spraying in their cells.

In 2018, the Court granted the Plaintiff Class's motion to appoint an expert to evaluate the structural integrity of the buildings where Class Members resided. In 2019, the Court's expert conducted a full-day inspection of Stateville and issued a report identifying several issues with respect to the Quarter House, as well as other parts of the facility.

In response to the Court's experts' report, the Defendants had their own expert evaluate the Quarter House. In 2022, the Illinois Department of Corrections' experts reported that there were several "high priority" items requiring immediate attention, including the masonry of the north and south facades of the Quarter House, deterioration in the steel lintels for the exterior walls, and possible steel beam failure that support the chase walls.

In August 2023, a chunk of concrete fell from a window lintel near the ceiling in E House. IDOC's expert inspected the window lintels of the four housing units and determined that all four housing units exhibited spalling and cracking for an extended period of time due to water infiltration. IDOC put barriers up to prevent further concrete from falling but permanent repairs had not been made.

On July 31, 2024, the Class filed a motion for preliminary injunction seeking an order requiring IDOC to provide a plan to transfer Class Members out of Stateville by September 20, 2024, due to the structural unsafety of the buildings, primarily the Quarter House, where most

1

Class Members resided at that time. On August 9, 2024, the Plaintiff Class filed an unopposed motion for a preliminary injunction seeking an order requiring that class members housed in Stateville's general housing units be transferred out by September 30, 2024.

On August 9, 2024, the Court granted Plaintiff's motion for an unopposed entry of a preliminary injunction order, ordering that the Illinois Department of Corrections transfer everyone housed in the general house units at Stateville elsewhere. As a result, these individuals are no longer Class Members because they no longer reside at Stateville and are no longer subject to any of the conditions at issue in this lawsuit. Class Members housed in the Health Care Unit were not subject to this order.

Class Members are those individuals who remain housed at Stateville's Health Care Unit. The proposed Settlement Agreement provides that no Class Member will be transferred to a general housing unit. In other words, Class Members housed in the Health Care Unit will remain in the Health Care Unit, be transferred to another IDOC facility, or be released while the settlement remains in effect.

IDOC is working to build a new facility on the Stateville site that will replace Stateville's existing facilities, and has already issued a request for proposal to start the demolition and construction process.

## II.     The Settlement Terms

The proposed Settlement Agreement provides for the resolution and dismissal of the case.

The proposed Settlement Agreement provides that no Class Member will be transferred to a general housing unit. In other words, Class Members will remain in the Health Care Unit, be transferred to another IDOC facility, or be released.

The proposed Settlement Agreement provides that Class Members release all claims for injunctive relief that were brought as part of this case. However, the proposed Settlement Agreement makes clear that Class Members have not released any claims for monetary damages that they may have and/or may pursue that may relate to any injury or damages that may have been allegedly caused by conditions at issue in this lawsuit.

Defendants do not admit any liability as part of this proposed Settlement Agreement.

The proposed Settlement Agreement provides that Class Counsel will receive Attorneys' Fees in the amount of $275,000.00. Class Counsel will separately file a motion for approval with respect to their attorneys' fees and transmit a copy of that motion to all Class Members in advance of the time Class Members have to object to the settlement.

The settlement agreement has a term of one year and is enforceable under Illinois law.

No monetary damages are awarded to Class Members in this injunctive class action.

### III.     The Hearing

The Court will decide whether to approve the settlement on INSERT DATE. Class Counsel will be in communication with Class Members regarding their participation in the final approval hearing, if a Class Member would like to participate in the hearing.

### IV.      Class Members' Rights

If you are currently housed at Stateville Correctional Center, you are a Class Member.

If you are a Class Member, and you are satisfied with the settlement agreement, you do not have to do anything.

If you are a Class Member, and you are *not* satisfied with the settlement agreement, you have the right to ask the Court to deny approval for the settlement by filing an objection. You cannot ask the Court to order a different settlement; the Court can only approve or reject the settlement.

You may object to the settlement agreement in writing. Written objections must include the following:

    a.   a caption or title that identifies it as "Objection to Class Settlement in *Kendricks, et al., v. Truitt, et al.*, Case No. 13-cv-01068";

    b.   the name and IDOC number of the person objecting;

    c.   a written statement detailing each objection, the facts supporting each objection, the legal basis on which each objection is based, and the relief the person objecting is requesting; and

    d.   copies of any documents upon which the objection is based.

Any objection must be postmarked by _____ and mailed to the following address:

> The Clerk of the U.S. District Court for the Northern District of Illinois
> Attn: *Kendricks v. v. Truitt, et al.*, No. 13 C 1068
> 219 South Dearborn Street
> Chicago, IL 60604

Any member of the Class who fails to timely file and serve a written objection shall not be permitted to object to the approval of the Settlement at the Fairness Hearing and shall be foreclosed from seeking any review of the Settlement or the terms set forth therein by appeal or other means.

A Class Member who objects to the Settlement need not appear at the Final Approval

3

Hearing for the Class Member's objection to be considered by the Court.

If a Class Member hires an attorney to represent them (at their own cost and expense), the attorney must file a notice of appearance with the Clerk of Court no later than 21 days prior to the Final Approval Hearing.

All other deadlines in this Action (other than those set forth in this order in connection with the Settlement) are stayed until further notice.

Neither this Order, the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind.

If you have questions about the status of the case or have comments about conditions at Stateville, you may contact class counsel:

Loevy & Loevy
Attn: Stateville Class Action Litigation Team
311 North Aberdeen St., 3rd Floor
Chicago, Illinois 60607

# Exhibit B

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Charles Kendricks, on behalf of himself and the Class Members,<br><br>        Plaintiffs,<br><br>    v.<br><br>Charles Truitt and Latoya Hughes, in their official capacities,<br><br>        Defendants. | Case No. 13-cv-1068<br><br>Hon. Andrea R. Wood |

**[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION
SETTLEMENT, APPROVING PROCEDURE AND FORM OF NOTICE**

This matter came before the Court on Plaintiffs' Motion for Preliminary Approval of Class Action Settlement. Upon reviewing the proposed Settlement Agreement, the Preliminary Approval Motion papers, and the arguments of counsel, the Court hereby grants Plaintiffs' Preliminary Approval Motion and finds and orders as follows:

1. The Court has subject matter jurisdiction over the Action.

2. The Court preliminarily approves the Settlement Agreement in its entirety.

3. The Court has conducted an initial evaluation of the Settlement under Federal Rule of Civil Procedure 23, and preliminarily finds that the Settlement is fair, reasonable, and adequate. Subject to further consideration at the Fairness Hearing, the Court will likely be able to grant final approval of Settlement Agreement based on the factors set forth in Rule 23(e)(2). Accordingly, the Court determines that it is appropriate to provide notice of the Settlement to the Class.

4. On XX at XX p.m., the Court will hold a Final Fairness Hearing in Courtroom 2141 and via telephone for Class Members and former Class Members participation to:

1

(1) review comments and/or objections regarding the Settlement;

(2) finally consider the fairness, reasonableness, and adequacy of the Settlement Agreement, and any requested Attorneys' Fees and Expenses and payments to Class Members from the Attorneys' Fees;

(3) consider whether the Court should issue a Final Approval Order approving the Settlement Agreement and dismiss this Action with prejudice; and

(4) consider such other matters as the Court may deem appropriate. The call-in number for the hearing is: [insert].

5.     No later than 7 days prior to the Fairness Hearing, Plaintiffs shall file papers in support of final approval of the Settlement and in response to any written objections. Defendants may also file a response to any objections at that time.

6.     No later than 21 days prior to the deadline for Class Members to object to the Settlement, Class Counsel shall file a motion for approval of Attorneys' Fees and Expenses.

7.     The Court hereby approves the form and contents of the proposed Notice of Settlement, and finds that the notice process contemplated in the proposed settlement constitutes the best notice practicable under the circumstances and complies fully with the requirements of Federal Rule of Civil Procedure 23, the United States Constitution, due process, and applicable law. The Court finds that the proposed Notice constitutes due and sufficient notice of the Settlement and the Fairness Hearing to all persons affected by or entitled to participate in the Settlement, and fairly and adequately:

a.     Summarizes the claims asserted;

b.     Describes the terms of the Settlement;

c.     Notifies the Class that Class Counsel will receive attorneys' fees as part of

2

the settlement;

    d.    Gives notice to the Class of the time and place of the Fairness Hearing, and of Class Members' right to participate; and

    e.    Describes how the recipients of the Notice may object to the Settlement.

8.    Within 14 days of entry of this Preliminary Approval Order, Defendants shall provide a copy of the class notice form via hand delivery to each Class Member at Stateville Health Care Unit. All costs associated with providing such Notice to the Class of the Settlement shall be borne by Defendants. On or before the date that Plaintiffs file their motion for final approval of the Settlement, Defendants shall file with the Court an affidavit affirming the delivery of the Notice.

9.    Any Class Member may object to the Settlement, provided, however, that objections shall only be considered by the Court at the Fairness Hearing if they have been timely and properly filed and served. To be timely and proper, the objection and any supporting documents must be filed with the Clerk of Court and served on Class Counsel and Defendants' Counsel no later than 14 calendar days prior to the date of the Final Approval Hearing (or filed via ECF if the Class Member has retained separate counsel for purposes of the comment and/or objection). The following must be included in any objection filed with the Court and served on Class Counsel and Defendants: (a) a caption or title that identifies it as "Objection to Class Settlement in *Kendricks*, *v. Truitt* , Case No. 13-cv-01068;" (b) the name and IDOC number of the person objecting; (c) a written statement detailing each objection, the facts supporting each objection, the legal basis on which each objection is based, and the relief the person objecting is requesting; and (d) copies of any documents upon which the objection is based. Any member of

the Class who fails to timely file and serve a written objection shall not be permitted to object to the approval of the Settlement at the Fairness Hearing and shall be foreclosed from seeking any review of the Settlement or the terms set forth therein by appeal or other means. If a Class Member hires an attorney to represent them (at their own cost and expense), the attorney must file a notice of appearance with the Clerk of Court no later than 21 days prior to the Final Approval Hearing.

10.     A Class Member who objects to the Settlement need not appear at the Final Approval Hearing for the Class Member's comment to be considered by the Court.

11.     All other deadlines in this Action (other than those set forth in this order in connection with the Settlement) are stayed until further notice.

12.     Neither this Order, the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind.

13.     In the event that the Settlement Agreement is terminated pursuant to its terms or is not finally approved by the Court, or such approval is reversed, vacated, or modified by this or any other Court, then the Parties and Class Members will be restored to their respective positions immediately before the execution of the Settlement Agreement; this Action shall proceed in all respects as if the Settlement Agreement and any related orders had not been entered; any order entered by the Court pursuant to the terms of the Settlement Agreement shall be treated as vacated; the fact of the Settlement Agreement and the terms contained therein shall not be admissible in any proceeding for any purpose; and the Parties shall reserve all claims, remedies, defenses, arguments, and motions as to all claims and requests for relief that might have been or might be

4

later asserted in the Action.

14.     The Court reserves the right to reschedule or adjourn the date of the Fairness Hearing by entering an order on the Court's ECF docket without further notice to the members of the Class.

15.     The Court and retains jurisdiction to consider all further matters arising out of or connected to the proposed Settlement.

**IT IS SO ORDERED** this XXth day of January, 2025.

ENTERED:

The Honorable Andrea R. Wood
United States District Judge

5

# Exhibit C

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

Charles Kendricks, on behalf of himself and
Class Members,

             Plaintiffs,

   v.

Charles Truitt and Latoya Hughes, in their
official capacities,

             Defendants.

Case No. 13-cv-1068

Hon. Andrea R. Wood

**<u>ORDER APPROVING FINAL SETTLEMENT OF CLASS ACTION</u>**

This matter having come before the Court on _____, for final approval of class

action settlement, and the Court having heard argument and considered the submissions

presented to it, the Court makes the following findings:

1.  This class action was commenced on February 8, 2013. ECF No. 1.  This matter was

vigorously prosecuted and vigorously defended on behalf of all parties.

2.  The parties regularly engaged in settlement discussions for the last several years.

During the course of this litigation some individual class members received interim relief.

3.  In early 2025 the parties reached a settlement, and Plaintiff filed an unopposed

motion for preliminary approval of the Settlement and for dissemination of notice pursuant to

Fed. R. Civ. P. 23(e)(1)(B). This Court granted preliminary approval as set forth in the Court's

Order dated ____.

4.  Due notice of the pendency of this litigation, the substance of the proposed

Settlement, and the Fairness Hearing was ordered given in the form and manner approved and

directed in the Court's preliminary approval order.

1

5.  The Parties have shown, and this Court finds, that the Class Notice was timely provided in accordance with the Court's preliminary approval order. The dissemination of the Class Notice in this manner was the best notice to the Class practical under the circumstances, and satisfies the requirements of due process and Federal Rule of Civil Procedure 23.

6.  Pursuant to the Class Notice, interested persons were given notice that the Court would hold a hearing on the joint motion for final approval on _____ (the "Fairness Hearing").

7.  On _____, the Court conducted a Fairness Hearing pursuant to Fed. R. Civ. P. 23(e)(2), affording the parties and all other interested persons the opportunity to be heard in support of and in opposition to the proposed Settlement Agreement. After reviewing and considering the papers filed in support of the Settlement Agreement and the evidence, argument, comments and objections submitted at the Fairness Hearing, the Court has made a finding that the Settlement Agreement is fair, reasonable and adequate to bind class members.

The Court having fully considered the matter and good cause appearing, hereby:

(1)       approves the Settlement Agreement, and

(2)       dismisses this case with prejudice

**ENTERED:**

Dated: _____, 2025

The Honorable Andrea R. Wood
United States District Judge

2