IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLES KENDRICKS, on behalf of himself and the Class Members, <br><br> Plaintiffs, <br><br> v. <br><br> CHARLES TRUITT and LATOYA HUGHES, in their official capacities, <br><br> Defendants. | No. 13-cv-01068 <br><br> Judge Andrea R. Wood |

**ORDER PRELIMINARILY APPROVING CLASS ACTION
SETTLEMENT, APPROVING PROCEDURE AND FORM OF NOTICE**

This matter came before the Court on Plaintiffs' Motion for Preliminary Approval of Class Action Settlement. Upon reviewing the proposed Settlement Agreement, the Preliminary Approval Motion papers, and the arguments of counsel, the Court hereby grants Plaintiffs' Preliminary Approval Motion and finds and orders as follows:

1. The Court has subject matter jurisdiction over the Action.

2. The Court preliminarily approves the Settlement Agreement in its entirety.

3. The Court has conducted an initial evaluation of the Settlement under Federal Rule of Civil Procedure 23, and preliminarily finds that the Settlement is fair, reasonable, and adequate. Subject to further consideration at the Fairness Hearing, the Court will likely be able to grant final approval of Settlement Agreement based on the factors set forth in Rule 23(e)(2). Accordingly, the Court determines that it is appropriate to provide notice of the Settlement to the Class.

1

4. On April 24, 2025 at 2:00 p.m., the Court will hold a Final Fairness Hearing in Courtroom 2141 and via telephone for Class Members and former Class Members participation to:

    a. review comments and/or objections regarding the Settlement;

    b. finally consider the fairness, reasonableness, and adequacy of the Settlement Agreement, and any requested Attorneys' Fees and Expenses and payments to Class Members from the Attorneys' Fees;

    c. consider whether the Court should issue a Final Approval Order approving the Settlement Agreement and dismiss this Action with prejudice; and

    d. consider such other matters as the Court may deem appropriate. The call-in number for the hearing is: (650) 479-3207 and the access code is 1808131170.

5. No later than April 17, 2025, Plaintiffs shall file papers in support of final approval of the Settlement and in response to any written objections. Defendants may also file a response to any objections at that time.

6. No later than March 17, 2025, Class Counsel shall file a motion for approval of Attorneys' Fees and Expenses and promptly provide a copy of their motion to Class Members.

7. The Court hereby approves the form and contents of the proposed Notice of Settlement and finds that the notice process contemplated in the proposed settlement constitutes the best notice practicable under the circumstances and complies fully with the requirements of Federal Rule of Civil Procedure 23, the United States Constitution, due process, and applicable law. The Court finds that the proposed Notice constitutes due and sufficient notice of the Settlement and the Fairness Hearing to all persons affected by or entitled to participate in the Settlement, and fairly and adequately:

    a. Summarizes the claims asserted;

    b.  Describes the terms of the Settlement;

    c.  Notifies the Class that Class Counsel will receive attorneys' fees as part of the settlement;

    d.  Gives notice to the Class of the time and place of the Fairness Hearing, and of Class Members' right to participate; and

    e.  Describes how the recipients of the Notice may object to the Settlement.

  8.  Within 14 days of entry of this Preliminary Approval Order, Defendants shall provide a copy of the class notice form via hand delivery to each Class Member at Stateville Health Care Unit. All costs associated with providing such Notice to the Class of the Settlement shall be borne by Defendants. On or before the date that Plaintiffs file their motion for final approval of the Settlement, Defendants shall file with the Court an affidavit affirming the delivery of the Notice.

  9.  Any Class Member may object to the Settlement, provided, however, that objections shall only be considered by the Court at the Fairness Hearing if they have been timely and properly filed and served. To be timely and proper, the objection and any supporting documents must be postmarked and mailed to the Clerk of Court no later than April 7, 2025, and thereby served on Class Counsel and Defendants' Counsel, (or filed via ECF if the Class Member has retained separate counsel for purposes of the comment and/or objection). The following must be included in any objection filed with the Court and served on Class Counsel and Defendants: (a) a caption or title that identifies it as "Objection to Class Settlement in *Kendricks, v. Truitt*, Case No. 13-cv-01068;" (b) the name and IDOC number of the person objecting; (c) a written statement detailing each objection, the facts supporting each objection, the legal basis on which each objection is based, and the relief the person objecting is requesting; and (d) copies of any documents upon which the objection is based. Any member of the Class who fails to timely file

and serve a written objection shall not be permitted to object to the approval of the Settlement at the Fairness Hearing and shall be foreclosed from seeking any review of the Settlement or the terms set forth therein by appeal or other means. If a Class Member hires an attorney to represent them (at their own cost and expense), the attorney must file a notice of appearance with the Clerk of Court no later than 21 days prior to the Final Approval Hearing. A Class Member who objects to the Settlement need not appear at the Final Approval Hearing for the Class Member's comment to be considered by the Court.

10. All other deadlines in this Action (other than those set forth in this order in connection with the Settlement) are stayed until further notice.

11. Neither this Order, the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind.

12. In the event that the Settlement Agreement is terminated pursuant to its terms or is not finally approved by the Court, or such approval is reversed, vacated, or modified by this or any other Court, then the Parties and Class Members will be restored to their respective positions immediately before the execution of the Settlement Agreement; this Action shall proceed in all respects as if the Settlement Agreement and any related orders had not been entered; any order entered by the Court pursuant to the terms of the Settlement Agreement shall be treated as vacated; the fact of the Settlement Agreement and the terms contained therein shall not be admissible in any proceeding for any purpose; and the Parties shall reserve all claims, remedies, defenses, arguments, and motions as to all claims and requests for relief that might have been or might be later asserted in the Action.

13. The Court reserves the right to reschedule or adjourn the date of the Fairness Hearing by entering an order on the Court's ECF docket without further notice to the members of the Class.

14. The Court and retains jurisdiction to consider all further matters arising out of or connected to the proposed Settlement.

**IT IS SO ORDERED** this 29th day of January, 2025.

ENTERED:

_____
Andrea R. Wood
United States District Judge