IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EQUIP FOR EQUALITY,<br><br>                Plaintiff,<br><br>    v.<br><br>LATOYA HUGHES, in her official capacity as Acting Director of the Illinois Department of Corrections,<br><br>                Defendant. | Case No. 25-cv-1565<br><br>Hon. La Shonda A. Hunt |
| CHARLES KENDRICKS, on behalf of himself and the Class Members,<br><br>                Plaintiffs,<br><br>    v.<br><br>CHARLES TRUITT and LATOYA HUGHES, in their official capacities,<br><br>                Defendants. | Case No. 13-cv-1068<br><br>Hon. Andrea R. Wood |

**MOTION TO REASSIGN RELATED CASE**

On February 13, 2025, Equip for Equality ("Equip") filed a complaint seeking injunctive relief on behalf of individuals who are class members in the "*Dobbey*" class action (now titled *Kendricks v. Truitt*), 13-cv-1068.[1] The "*Dobbey*" class action is assigned to Judge Andrea Wood and is currently scheduled for a fairness hearing on April 24, 2025, to address a proposed settlement agreement (preliminarily approved on January 29, 2025) on behalf of class members who are the same individuals identified in the *Equip* case currently assigned to Judge Hunt. Because the *Equip* case seeks relief that would directly affect individuals who are members of the *Dobbey* class who remain housed in Stateville's Health Care Unit (HCU)—*as expressly*

---

[1] Case 13-1068 has been known as the *Dobbey* case since it was filed by Lester Dobbey in 2013. The case was recently recaptioned to reflect a change in the named plaintiff and named defendants. *See* ECF 415 (13-1068). For simplicity, this motion refers to the case by its long-standing common name, *Dobbey*.

*contemplated by the* Dobbey *settlement agreement*—the cases are related and, under Local Rule 40.4, the newer case (25-1565) should be reassigned to the calendar of the judge (Judge Wood) presiding over lower numbered *Dobbey* case, 13-1068. In support of this motion, Defendants state as follows:

  1. Local Rule 40.4 addresses the procedures for reassignment of related cases. The rule, in subpart (c), provides that motions for reassignment "generally" should not be filed until an answer or motion responding to the complaint has been filed. Here, counsel for Plaintiff Equip submitted to Defendant Hughes a request to waive service in exchange for making the answer due April 15, 2025. *See* ECF 9 (25-1565).

  2. Without waiting for Defendant Hughes to answer or otherwise respond to the complaint, on March 13, 2025 (a month *after* the complaint was filed and a month before the answer is due), Equip filed a motion for a preliminary injunction, noticed for presentment on Tuesday, March 18, 2025, at 10:00 a.m. ECF 11, 12.

  3. Equip's case seeks relief to benefit 21 individuals (now just nine, and soon to be zero) who remain housed at the Stateville Correctional Center's Health Care Unit (or "HCU," which Equip calls the "infirmary"). Exhibit 1, ECF 1 ¶¶ 1–3, 17–19 (25-1565). Equip refers to these individuals as "exemplars." *Id*. ¶¶ 44–52. Equip contends that keeping these individuals housed in Stateville's HCU violates the Americans with Disabilities Act and Rehabilitation Act. *Id*. ¶ 4. The complaint contains allegations about poor conditions at Stateville (for example, related to vermin, poor water quality, and other conditions) that overlap with similar allegations in *Dobbey*. *Compare*, *e.g.*, Exhibit 1, Equip Complaint, ECF 1 ¶¶ 35–36 (25-1565) *with* Exhibit 2, Dobbey/Kendricks Fourth Amended Complaint, ECF 437 ¶¶ 21–25 (13-1068). Equip seeks an order enjoining the Department (through its acting director Latoya Hughes, sued in her official

capacity) from continuing to house individuals in the Stateville HCU and requiring the Department to transfer those individuals to "appropriate" correctional facilities. ECF 11 at 2 (25-1565). As discussed below, this relief is directly contrary to what the same individuals, though class counsel, agreed to in the *Dobbey* settlement.

4. Equip was aware of the *Dobbey* class action when it filed its action. *See* ECF 1 ¶ 14 (25-1565). The *Dobbey* class encompasses "all individuals incarcerated at the Stateville Correctional Center at any time since January 1, 2021, and all individuals who will be housed at the Stateville Correctional Center in the future." ECF 41 ¶ 2 (13-1068). This definition encompasses all the individuals Equip seeks to benefit in its case. *See* ECF 1 ¶¶ 1, 17–19 (25-1565).

5. Equip's complaint refers to (and misrepresents) the *Dobbey* preliminary injunction, *id*. ¶ 14, without acknowledging that the order expressly did not apply to the individuals housed in the HCU because the HCU did not present the same risk of exposure to falling concrete that existed in Stateville's general housing units. *See Dobbey* Preliminary Injunction Order, ECF 386 at 2–3 (¶ 2) (13-1068). Equip's complaint also makes no mention of the *Dobbey* settlement, which Judge Wood preliminarily approved on January 29, 2025, 13 days before Equip filed its complaint. ECF 443 (13-1068). On February 5, 2025—eight days before Equip filed its suit—the Department hand-delivered the notice of the proposed *Dobbey* settlement to the individuals housed in Stateville's HCU. *See* Declaration Confirming Delivery of Notice, ECF 453-1 (13-1068). Again, these are the same individuals who would be subject to Equip's requested relief. Certainly the individuals housed in the HCU were on notice, and Equip should have known, that the *Dobbey* class settlement expressly allows the Department of Corrections to "continue to operate" the Stateville HCU and use it "in its discretion to provide medical treatment" to class members who remain housed there.

3

*See Dobbey* Settlement Agreement, ECF 440-8, ¶ 2.5 (13-1068). By seeking an order to enjoin the Department from continuing to house individuals in the Stateville HCU and requiring the Department to transfer those individuals to "appropriate" correctional facilities, ECF 11 at 2 (25-1565), Equip is seeking injunctive relief for *Dobbey* class members that is directly contrary to the *Dobbey* class action settlement agreement.

6. Local Rule 40.4 treats cases as related if any "one or more" of the following conditions are met: (1) the cases involve the same property; (2) the cases involve *some of* the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, *one or more* of the classes involved in the cases is or are the same" (emphasis added). Here, the cases involve some, and more accurately many, of the same issues of fact related to conditions at Stateville. The cases also grow out of the same transaction or occurrence—the Department's (for now) continued (and dwindling) incarceration of a small number of individuals in Stateville's Health Care Unit. And, as noted, all of these individuals are already members of the *Dobbey* class and subject to the *Dobbey* settlement. Each condition under Local Rule 40.4 supports reassignment of Equip's case, No. 25-1565, to the calendar of the judge (Judge Wood) presiding over the lower-numbered *Dobbey* case, No. 13-1068, as provided by LR 40.4(b).

7. The conditions for reassignment listed in Local Rule 40.4(b) also exist here. *First*, both cases are pending in the Northern District of Illinois, Eastern Division. *Second*, the handling of both cases by Judge Wood is likely to result in a substantial saving of judicial time and effort. For example, to the extent any objectors to the *Dobbey* settlement support the relief requested by Equip, Judge Wood will need to address that in *Dobbey/Kendricks*. *Third*, while *Dobbey/Kendricks* has progressed to the settlement stage, assigning *Equip* to Judge Wood as related is not likely to substantially delay the resolution of *Dobbey/Kendricks*. Again, any objections in *Dobbey* will need

4

to be resolved in any event. Also, the Department expects that the (now just nine) individuals (and *Dobbey* class members) who remain housed in Stateville's HCU will soon be moved to other facilities, which will moot the request for injunctive relief in *Equip* and require that case to be dismissed. For the same reasons, both cases are susceptible to disposition in a single proceeding.

8. Finally, reassignment also makes sense here given that the *Equip* case was randomly assigned to Judge LaShonda A. Hunt, who previously served as chief legal counsel for the Illinois Department of Corrections from 2015 to 2016, which overlapped with the early years of the *Dobbey* case.[2]

For each of these reasons, IDOC's acting director Latoya Hughes, a defendant in *Dobbey* and *Equip*, respectfully seeks reassignment of Case No. 25-1565 to the calendar of Judge Wood, who is presiding over the lower-numbered *Dobbey/Kendricks* case, No. 13-1068.

| | |
|---|---|
| Dated: March 14, 2025 | Respectfully submitted, |
| R. Douglas Rees<br>Office of the Illinois Attorney General<br>115 S. La Salle Street<br>Chicago, Illinois 60603<br>(312) 814-3000<br>richard.rees@ilag.gov | Defendants Latoya Hughes, *et al*.<br><br>KWAME RAOUL<br>Illinois Attorney General<br><br>By: *s/ R. Douglas Rees*<br>  Deputy Attorney General, Civil Litigation |

---

[2] https://bidenwhitehouse.archives.gov/briefing-room/statements-releases/2023/01/18/president-biden-names-twenty-ninth-round-of-judicial-nominees/